## WILLIAM K. GIESELBRETH
*vs.*
## JOSEPH M. O'CONNELL

Superior Court        Hartford County        File No. 60993

MEMORANDUM FILED OCTOBER 7, 1940.

*Milton M. Koskoff,* of Plainville, for the Plaintiff.

*Warren Maxwell,* of Hartford, for the Defendant.

FOSTER, J.  Farmington Avenue in Plainville runs generally north and south.  The paved portion of the highway is 20 feet wide, and there are shoulders on each side of it five to five and one-half feet wide.  A private road runs west from the highway, and just east of the east shoulder of the highway opposite the entrance to the private road is a mail box, into which mail is deposited for nearby residents.  The highway is practically level and practically straight for several hundred feet north and south of this point.  On March 9, 1939, the highway was covered with ice and was very slippery.

At about 12:30 p.m. on this day the plaintiff drove a small truck east on the private road toward its intersection with Farmington Avenue and, turning south, stopped his truck in the entrance to the private road, the left wheels of the truck being about six feet west of the paved portion of Farmington Avenue—that is, some inches west of the shoulder of the highway.  The plaintiff walked across the highway to the mail box.  He then turned and started to return to his truck.  As he did so, he looked north and south, and about 300 feet north of that point he saw the defendant approaching in a southerly direction.  The plaintiff, with short, quick steps, crossed the slippery pavement to the door of his truck and placed his hand on the handle of the door.  Knowing of the approach of the defendant, the plaintiff did not open the door, but stood there waiting for the defendant to drive past him.

The defendant was driving his Buick coach automobile at a speed of about 35 miles per hour.  Seeing the plaintiff crossing the highway, the defendant applied his brakes at about 100 feet north of the truck, and his automobile began to skid.  The defendant's automobile struck the plaintiff's truck in the rear, sideswiped it, struck the plaintiff as he stood by the door of the truck, dragged him a substantial distance and inflicted serious injuries upon him.

The defendant's automobile did not strike the truck until about 12 to 20 seconds after the plaintiff reached the door of the truck.  This estimate of time was verified by tests during the trial.  That the plaintiff had plenty of time to cross the highway from the mail box to the truck is shown by the admitted fact that he crossed the entire highway—including the shoulders—and stood by the truck an appreciable length of time before the defendant struck the truck.

The plaintiff used due care in looking north and south before he attempted to cross the highway, in crossing the slippery pavement with short, quick steps, and in standing so close to the door that his hand was on the handle of it and in refraining from opening the door until the defendant had opportunity to pass him.

The defendant was negligent in that he drove his automobile too fast on that slippery pavement and in that he applied his brakes while driving at such speed on a pavement in that slippery condition.

The defendant claims that the act of the plaintiff in crossing the highway ahead of him was the first act that gave rise to and set in motion the acts of the defendant that caused the injury.

The plaintiff had the legal right to cross the highway as he did, especially in view of the care he used. The plaintiff was not upon the paved part of the highway or more than a few inches upon the west shoulder when he was struck. His truck was entirely off the shoulder. If the defendant had operated his automobile at a reasonable speed, or if he had operated it in a careful manner, or if he had maintained a proper control over his automobile, the plaintiff would not have been injured.

The defendant cannot be excused from careless acts because he was led to perform such acts by the careful, legal acts of another—even if this situation were found to exist.

The plaintiff suffered an acromioclavicular separation of the left shoulder joint and a contusion of the right knee. The shoulder injury was the separation of the collar bone and the shoulder, caused by a rupture of the ligaments around the joint. The shoulder was in a splint four to five weeks. There is still some soreness in the joint, and there are adhesions. Prognosis is indefinite. As to the knee, there was a definite bone contusion, a patella bursitis, the leg being black from the hip down to the ankle. The plaintiff suffered much pain and still suffers pain at times. He is an upholsterer, and his injuries still interfere to some extent with his work. The bill of Dr. Cook was $140; Dr. Donnelly, $55; the hospital bill was $30. The plaintiff's time was worth $1 per hour. By reason of his injuries he lost 416 hours. The damage to his truck was $52.05.

Judgment is rendered that the plaintiff recover from the defendant damages of $3,693.05.